UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DONNIE COLLINS, )<br>on behalf of himself and all others )<br>similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUITAR CENTER, INC., et al., )<br>)<br>Defendants. ) | No. 3:09-cv-00531<br><br>Judge Jordan/Magistrate Shirley<br><br><br>CLASS ACTION |

**PLAINTIFF'S MOTION FOR REMAND OF PROCEEDINGS
TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

**NOW INTO COURT** comes the Plaintiff, Donnie Collins, on behalf of himself and all others similarly situated, and pursuant to E.D. Tenn. LR 7.1 and 28 U.S.C. §1447(c), moves this Court for an Order remanding these proceedings to the Chancery Court for Knox County, Tennessee, based upon lack of subject matter jurisdiction, and would show unto this Court as follows:

1. This action was commenced by Plaintiff on October 13, 2009 in the Chancery Court for Knox County, Tennessee when he filed a Class Action Complaint against Defendants for violating the Tennessee Trade Practices Act, Tenn. Code Ann. §47-25-101 et seq. and common law unjust enrichment.

2. On or about December 4, 2009, Defendants filed their notice of removal to this Court pursuant to 28 U.S.C. §1446(b), asserting that the Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), on the basis of diversity jurisdiction. Defendants assert that CAFA's minimum amount in controversy of $5,000,000

is met. [Doc. 1].[1]

3.     Although Plaintiff concedes that diversity of citizenship exists between the parties, the amount in controversy does not exceed $5,000,000. Plaintiff's Complaint explicitly disclaimed all relief of any nature in excess of $4,999,999.00. *See* Complaint, ¶19.

4.     To establish original jurisdiction, Defendants must prove – to either a legal certainty or by at least a preponderance of the evidence – that the jurisdictional amount in controversy of $5,000,000.00 is met.

5.     Defendants fail to offer any realistic formula from which the Court might reasonably conclude that the amount in controversy exceeds $5,000,000.

6.     Because Defendants have failed to meet this burden, ignoring Plaintiff's unambiguous disclaimer of damages, mis-characterizing Plaintiff's allegations, and relying only upon speculation, conjecture, and unsubstantiated allegations to attempt to establish the requisite amount in controversy, the Court lacks original subject matter jurisdiction over Plaintiff's claims in this action.

7.     Removal of this action is therefore contrary to law and improper.

8.     Defendants' removal was not objectively reasonable. Accordingly, Plaintiff requests an award of attorneys' fees and costs for Defendants' improper removal of this action.

9.     In support hereof, Plaintiff respectfully submits his Memorandum of Law, which is incorporated herein by reference, and which follows.

**WHEREFORE**, Plaintiff moves the Court for an Order remanding these proceedings to the Chancery Court for Knox County for further proceedings on Plaintiff's Complaint.

---

[1] Defendants also argue that 28 U.S.C. §1332(a)'s $75,000 amount-in-controversy requirement is met. However, this is a putative class action, requiring an amount-in-controversy exceeding $5,000,000.

Respectfully submitted, this 14th day of January, 2010.

              /s/ Gordon Ball
           W. Gordon Ball, BPR # 001135l
           Wallace A. McDonald,  BPR # 016210
           **Ball & Scott Law Offices**
           550 Main Street, Suite 601
           Bank of America Center
           Knoxville, TN 37902
           (865) 525-7028

**CERTIFICATE OF SERVICE**

    I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    This 14th day of January, 2010.

                                                /s/     Gordon Ball
                                                      Gordon Ball