# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

DONNIE COLLINS,                     )
on behalf of himself and all others )        No. 3:09-cv-00531
similarly situated,                 )
                                    )        Judge Jordan/Magistrate Shirley
            Plaintiff,              )
                                    )
v.                                  )        CLASS ACTION
                                    )
GUITAR CENTER, INC., et al.,        )
                                    )
            Defendants.             )

---

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
## FOR REMAND OF PROCEEDINGS TO STATE COURT
## FOR LACK OF SUBJECT MATTER JURISDICTION

---

**NOW INTO COURT** comes the Plaintiff, Donnie Collins, on behalf of himself and all others

similarly situated, and pursuant to E.D. Tenn. LR 7.1, submits this memorandum in support of the

foregoing motion for remand.

> W. Gordon Ball, Esq.
> BPR # 001135
> Wallace A. McDonald, Esq.
> BPR # 016210
> **Ball & Scott Law Offices**
> Suite 601, Bank of America Center
> 550 Main Street
> Knoxville, TN 37902
> (865) 525-7028
>
> *Counsel for the Plaintiff*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      A.    Plaintiff's Pleading Allegations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B.    Plaintiff's Disclaimer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      C.    Defendants' Notice of Removal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.  STANDARDS, BURDEN OF PROOF AND PRESUMPTIONS. . . . . . . . . . . . . . . . . . 8

      A.    The Court Should Adopt the Standard Which Requires That Defendants
            Establish An Amount in Controversy Exceeding $5,000,000 "To a Legal
            Certainty" When, as Here, the Plaintiff Has Pled Less Than $5 Million in His
            Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      B.    The Preponderance – "More Likely Than Not" – Standard. . . . . . . . . . . . . . . 12

IV.   LEGAL ARGUMENT: DEFENDANTS CANNOT ESTABLISH THAT THE
      AMOUNT-IN-CONTROVERSY EXCEEDS $5,000,000. . . . . . . . . . . . . . . . . . . . . . 12

      A.    Jurisdiction Under CAFA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      B.    Plaintiff Is Master of His Complaint and His Disclaimer Was Made in
            Good Faith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      C.    The Facts Alleged in Plaintiff's Complaint Demonstrate That the Claims of
            Class Members, When Aggregated, Do Not Exceed the Sum or Value of
            $5,000,000, Exclusive of Costs and Interest. . . . . . . . . . . . . . . . . . . . . . . . . . 16

      D.    Defendants' Apparent Reliance on Tenn. R. Civ. P. 54.03 is Misplaced. . . . . . 20

V.    PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES. . . . . . . . . . . 22

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## I.      PRELIMINARY STATEMENT

In this case, the Court is asked to determine whether Guitar Center, Inc. and National Association of Music Merchants ("Defendants") have satisfied the amount-in-controversy requirement for federal removal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.A. §1332(d)(2).  Plaintiff has moved the Court for remand of this action, maintaining that Defendants – who rely substantially on speculation and conjecture rather than a *realistic* formula – have failed to meet their burden.

Plaintiff filed his class action complaint on October 13, 2009 in the Chancery Court for Knox County, Tennessee.   Ignoring Plaintiff's unambiguous disclaimer of any recovery exceeding $4,999,999, Defendants removed this action on December 4, 2009, citing 28 U.S.C. § 1332(d), as its primary basis for asserting federal jurisdiction.[1]  Plaintiff does not dispute that minimal diversity exists.  However, Plaintiff vehemently opposes Defendants' assertion that this action is subject to federal subject matter jurisdiction.   Put simply, Defendants have failed to meet their burden to establish the $5,000,000 amount-in-controversy requirement in this case.

---

[1]The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C., including § 1332), expanded federal diversity jurisdiction over state-based class actions.  Enacted on February 18, 2005, the purpose of CAFA was to amend the "procedures that apply to consideration of interstate class actions to assure fairer outcomes for class member and defendants."  *Id.*

CAFA vested federal district courts with diversity jurisdiction over class actions where: (1) there is minimal diversity, *i.e.*, at least one plaintiff and one defendant are citizens of different states; (2) the proposed class contains at least 100 members; and (3) the amount in controversy is at least $5 million in the aggregate, exclusive of interest and costs.  28 U.S.C. § 1332(d).  The statute further contains a removal provision that allows for any such case filed as a class action in state court to be removed to federal court.  28 U.S.C. § 1453.

First, removal jurisdiction is a question of law. *Davis v. McCourt*, 226 F.3d 506, 509 (6th Cir. 2000). In considering the propriety of removal, the Court should be mindful that the removal statutes are strictly construed and that "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).[2] Moreover, there is a "strong presumption" against removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938). Here, Defendants' Notice of Removal cannot survive this strict construction and the "strong presumption" against removal.

Second, because Plaintiff is seeking a total recovery below the jurisdictional minimum amount-in-controversy, he asks the Court to apply the "legal certainty" standard to Defendants' removal, as opposed to the preponderance standard. Under the legal certainty standard, adopted by at least two circuits within the context of CAFA[3], if Plaintiff alleges damages less than $5 million, the removing party must prove to a "legal certainty" that the amount-in-controversy requirement is satisfied. On the other hand, if the Court declines to accept the "legal certainty" standard, then it is evident that the "preponderance" standard discussed in *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007) must govern. Under *Nationwide*, a disclaimer regarding recoverable damages can be sufficient to thwart federal jurisdiction absent adequate proof from defendant that potential damages *actually exceed* the jurisdictional threshold. *Nationwide,* 505 F.3d at 407.

---

[2]Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand. *See Cotton v. Unitedtel, LLC*, 2009 U.S. Dist. LEXIS 69838, *3 (D. Minn. Aug. 10, 2009).

[3]*Lowdermilk v. United States Bank National Assoc.*, 479 F. 3d 994, 998 (9th Cir. 2007) and *Lowrey v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. Apr. 11, 2007).

Regardless of which burden the Court adopts to establish the requisite amount in controversy, it is undisputed that (1) the burden remains on the removing defendant, *see Nationwide*, 505 F.3d at 407, and (2) "[i]t is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Woodmen of the World/Omaha v. Scarbro*, 129 Fed. Appx. 194, 2005 WL 873369, *2 (6th Cir. 2005).

Third, applying CAFA, the Sixth Circuit recently recognized that as "master of his complaint," the plaintiff's choice of a state court forum is fundamentally-protected by well-established Supreme Court precedent under which he can rightfully plead to avoid federal jurisdiction. *See Nationwide*, 505 F.3d at 407. Having carefully crafted his Complaint to disclaim any damages or other relief in excess of $4,999,999 with the intent to remain in state court, *see* Complaint, ¶ 19, Plaintiff's forum choice should be respected.

Fourth, facing certain remand, Defendants attempt to obscure Plaintiff's unambiguous pleading allegations. For instance, Defendants' argument that Plaintiff seeks damages and other relief which will exceed the amount-in-controversy requirement mis-states Plaintiff's actual pleading allegations. *See* Complaint, ¶ 19. Plaintiff's disclaimer of damages over $74,999, after all, is for each *individual* claimant and does not apply to the proposed *class*. And to be certain, Plaintiff has carefully-worded his complaint to avoid CAFA's $5,000,000 amount-in-controversy requirement. *See* Complaint, ¶ 19. Unless Defendants can establish that Plaintiff's disclaimer was made in bad faith and can offer other credible evidence that the amount-in-controversy exceeds $5,000,000, the Court

lacks subject matter jurisdiction.[4]

In a nutshell, the "evidence" offered by Defendants does nothing to demonstrate that the claims asserted "more likely than not," much less "to a legal certainty," meet the $5,000,000 requirement.  Far from it, as Defendants' Notice of Removal merely references Plaintiff's numerosity allegations, the class period and the total sales' volume for several undefined "product groups" for Guitar Center's four Tennessee locations during that period.  In fact, the only specific information produced by Guitar Center – included in the Declaration of Wesley Muddle – is that Guitar Center sold more than $30 million in "Stringed Merchandise – General; Musical Instruments ("MI") Amplification; and Stringed Accessories – General" from 2005 to 2007 at its four Tennessee retail locations.  Such information, however, does not aid the Court in determining the amount-in-controversy in this case.

The chief fallacy in Muddle's declaration is that he fails to say that the three "product groups" which make up the $30 million includes only those products which were purchased by the Plaintiff and proposed class members.  To the contrary, Muddle states that the financial and accounting systems used by him to generate this sales information "includes three product group codes *that relate to* fretted musical instrument products (as the plaintiff has defined that term)."  [Doc. 1-2, Declaration of Wesley Muddle, ¶ 5] (emphasis added).  Thus, the $30 million in sales could easily and very well include innumerable additional products not purchased by Plaintiff or class members.  There is simply no evidence before the Court to demonstrate – by a preponderance, much less to a legal certainty, that more than $5,000,000 is in controversy.

---

[4]Notably, in its notice of removal, Defendant offers no allegations that Plaintiff's disclaimer was made in bad faith.

And while Defendants are not required to "research, state and prove" Plaintiff's damages, they nevertheless must present at least *some evidence* to the Court upon which it can find that the jurisdictional amount-in-controversy has been met.  They have failed to do so here.

Fifth, the initial breach in Defendants' arguments is that they incorrectly surmise that the Court can multiply the number of class members in this action by the amount of *individual* damages not disclaimed by Plaintiffs to reach $5,000,000.  Defendants' reference to Plaintiffs' disclaimer of *individual* damages exceeding $74,999 disregards the significant fact that the overall ceiling Plaintiffs placed on aggregate *class* damages is $4,999,999.  *See* Complaint, ¶ 19.  What's more, in *Freeman v. Blue Ridge Paper Products, Inc.*,  551 F.3d 405, 409 (6th Cir. 2008), the Sixth Circuit flatly rejected this argument as "not persuasive," because, as here, the complaint capped individual damages at less than $75,000 and overall damages at less than $5,000,000.  *Id.*[5]

Sixth and finally, insofar as Defendants argue that Plaintiff's disclaimer is ineffective, Plaintiff assumes such a position is based upon the Sixth Circuit's opinion in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  But reliance on *Rogers* is misplaced, since not only has the Court's actual holding been completely abrogated by a recent decision by the United States Supreme

---

[5]Specifically, the Sixth Circuit concluded:

> We do not rely, however, on Blue Ridge's argument that the jurisdictional amount is exceeded in each one of the separate cases by virtue of the number of class members (300) and the amount that each class member claimed ($74,000).  The argument is not persuasive because each of the five complaints caps individual damages at $74,000 and overall damages at $4.9 million.  Presumably that overall limit for each time period is binding on the plaintiffs, regardless of how much each class member may genuinely think he or she should be compensated.

*Freeman*, 551 F.3d at 409.

Court, *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411, 2417, 168 L. Ed. 2d 112 (2007), but the pertinent statement in *Rogers* is also mere *dicta*.  What's more, as demonstrated below, the statement about Rule 54.03 also misstates Tennessee law (at least according to Donald Paine, the Tennessee Supreme Court's long-time Reporter to the Advisory Commission on the Rules of Practice and Procedure) (as recently recognized by the Middle District of Tennessee in *Bennett v. Kmart Corp.*, 2008 U.S. Dist. LEXIS 47586, *4-5 (M.D. Tenn. June 19, 2008)).  Finally, reliance on *Rogers* is further undermined here by a number of notable distinctions between the two cases.

Thus, Defendants cannot carry their burden of proof by merely referencing Plaintiff's allegations and invoking general sales data for *"related"* products and population data.  Plaintiff's allegations plainly hold the amount-in-controversy beneath the $5 million threshold – or by ignoring Plaintiff's amount-in-controversy limitation by speculating that Plaintiff's recovery might be higher. Accordingly, it must be presumed that Plaintiff's disclaimer was made in good faith.  It follows that this action should therefore be remanded to the Chancery Court for Knox County, Tennessee.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Pleading Allegations

Plaintiff, Donnie Collins, purchased resides at 550 Drowning Creek Ridge, Irvine, KY 40336. Plaintiff purchased a Fretted Instrument Product – an electric guitar – from a Guitar Center Inc. retail location in Knoxville, Tennessee during the Class Period.  *See* Complaint, ¶ 13.  Plaintiff alleges that Guitar Center conspired with Defendant National Association of Music Merchants, Inc. ("NAMM") and other unnamed co-conspirators, to maintain, implement and enforce illegal pricing policies.  *Id*. at ¶ 4.  These policies had the purpose and effect of fixing prices, and restricting and/or eliminating price competition (specifically price discounting), all in violation of the TTPA.  *Id*. at ¶ 5.

Specifically, during 2005 and 2007, NAMM organized meetings and programs where Fretted Instrument Product retailers discussed and entered into agreements regarding (1) restricting retail price competition, (2) adopting, implementing, and enforcing minimum advertised price policies, and (3) retail prices and margins. *See* Complaint, ¶5. The effect of these agreements was the creation of unlawful resale price maintenance agreements by and among NAMM members, which had been orchestrated and facilitated by NAMM. *See Id*. at ¶6.

### B.     Plaintiff's Disclaimer

Seeking to remain in state court, the Plaintiff made the following disclaimer in his Complaint:

> Plaintiff asserts no claim under the laws of the United States. The amount in controversy as to Plaintiff and each individual member of the Proposed Class does not exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars ($74,999.00) each, exclusive of interest and costs; and Plaintiff disclaims compensatory damages, punitive damages, declaratory, injunctive, equitable or other relief greater than Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars ($74,999.00) per individual Class member. Further, Plaintiff and members of the Proposed Class limit their aggregate class-wide claims for relief to less than Four Million Nine Hundred Ninety Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00) and specifically disclaim compensatory damages, punitive damages, disgorgement, declaratory, injunctive, equitable or other relief greater than Four Million Nine Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine Dollars ($4,999,999.00).

*See* Complaint, ¶ 19.

### C.     Defendants' Notice of Removal

Despite Plaintiff's explicit and unambiguous disclaimer, Defendants removed this action to this Court purportedly based upon diversity jurisdiction. Defendants' Notice of Removal, however, provides no realistic formula through which to calculate the amount-in-controversy. Instead, Defendants argue that when Plaintiff alleged that he sought to recover an amount less than

$4,999,999 he really did not mean it.  Missing from Defendants' argument, however, is any *actual* evidence that the amount-in-controversy *realistically* exceeds $5,000,000.

## III.    STANDARD, BURDEN OF PROOF AND PRESUMPTIONS

Unless expressly precluded by an Act of Congress, a civil action may be removed from state court to the federal district court for the district and division embracing the place where such action is pending, if that court would have had original jurisdiction over the claims.  28 U.S.C. § 1441(a). However, if the district court lacks subject matter jurisdiction over the claims, the case must be remanded to state court.  *See* 28 U.S.C. § 1447(c) stating, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added).

But before delving into the issue of the propriety of Defendants' removal, the Court should first be mindful of the applicable standard, burden and presumptions which govern these proceedings. Initially, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Husvar v. Rapoport*, 337 F.3d 603, 607 (6th Cir. 2003).

In 2005, 28 U.S.C. § 1332 was amended by CAFA to provide, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2). Significantly, "the removal statute, and compliance therewith, must be strictly construed in favor of state court jurisdiction and against removal."  *Ford v. Healthport Technologies*, 2008 U.S. Dist. LEXIS 90077, at *4 (E.D. Tenn. Aug. 21, 2008); *see also England v. Advance Stores Company, Inc.*, 2008 U.S. Dist. LEXIS 71828 (W.D. Ky. Sept. 22, 2008) (generally, ambiguities regarding

removal are strictly construed against federal jurisdiction); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).   Moreover, there is a "'strong presumption' against removal jurisdiction," which means that the defendant always has the burden of establishing that removal is proper."  *Palacios v. IndyMac Bank*, 2009 U.S. Dist. LEXIS 111884, at *3 (C.D. Ca. Nov. 13, 2009).

While it is evident that CAFA has not shifted from the defendant to the plaintiff the burden of establishing that the amount-in-controversy exceeds the minimum jurisdictional threshold, there is, nonetheless, an important question as to which of two differing standards should apply.

**A.    The Court Should Adopt the Standard Which Requires That Defendants Establish An Amount-in-Controversy Exceeding $5,000,000 "To a Legal Certainty" When, as Here,  the Plaintiff Has Pled Less Than $5 Million in His Complaint.**

What proof must a defendant adduce to contradict the plaintiff's claim that his damages are less than the jurisdictional amount?  Two principles inform the Court's judgment on this question. First, as a federal court, this Court is one of limited jurisdiction and will strictly construe its jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Second, it is well-established that plaintiff is "master of his complaint" and can plead to avoid federal jurisdiction. *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)).

Accordingly, subject to a "good faith" requirement in pleading, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Where the

plaintiff has alleged his facts and pled his damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction.  *See id*. at 290.

Nearly five years after CAFA's enactment, other federal circuit's are beginning to re-assess the type of burden to be imposed on removing defendants.  The Ninth Circuit concluded that "the familiar 'legal certainty' standard best captures the proof the defendant must produce." *Lowdermilk*, 479 F.3d at 999 (holding that "the party seeking removal must prove with "legal certainty" that the amount in controversy is satisfied, notwithstanding the prayer for relief in the complaint.").

The Ninth Circuit's adoption of the "legal certainty" burden is joined by the Third Circuit, which recently held in *Morgan v. Fay*, 471 F.3d 469 (3d Cir. 2006), that "[g]ood faith in this context is entwined with the legal certainty test, so that a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum." 471 F.3d at 474 (internal quotation marks omitted).[6]  The Court in *Lowdermilk* held that when the plaintiff fails to plead a specific amount of damages, the removing defendant must prove the amount in controversy by a "preponderance of the evidence." *Lowdermilk*, 479 F. 3d at 998.  If the complaint alleges damages in excess of the $5 million, the Court observed, then the requirement is presumptively satisfied unless it appears to a "legal certainty" that the claim is actually for less than

---

[6]Recently, in *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 404 (6th Cir. 2007), this Court declared that "CAFA does not alter the fact that 'the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.'"  However, the Court's apparent purpose in identifying the burden was merely to clarify that CAFA's enactment  had not shifted the burden to the plaintiff in removal cases, not to address the specific type of burden required by the defendant. *See id*. (citing *Brown v. Jackson Hewitt, Inc.*, 2007 U.S. Dist. LEXIS 13328, *2 (N.D. Ohio 2007) (CAFA does not shift the burden to the plaintiffs in removal cases).  In other words, the Court has not had an opportunity to analyze the appropriate removal standard in the *post-CAFA world*).

the jurisdictional minimum.  *Id*. at 683 n.8.  Finally, if the plaintiff alleges damages less than $5 million, the removing party must prove with "legal certainty" the CAFA requirement.  *Lowdermilk*, 479 F. 3d at 996.  Here, on the face of the complaint, Plaintiff seeks less than $5,000,000.  Accordingly, Defendants must demonstrate "to a legal certainty" that the amount-in-controversy exceeds $5 million.

If, however, the Court declines to accept the recent trend of Courts adopting the "legal certainty" standard, then the preponderance standard set forth by the Sixth Circuit in *Smith v. Nationwide Prop. & Cas. Ins. Co.* is the correct test.  And while a disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are "more likely than not" to "meet the amount in controversy requirement," it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold.  *Nationwide*, 505 F.3d at 407.

Further, "[i]t is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'"  *Woodmen of the World/Omaha v. Scarbro*, 129 Fed. Appx. 194, 2005 WL 873369, *2 (6th Cir. 2005).  And while the burden is not "daunting," *see McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994), a court cannot base jurisdiction on speculation and conjecture.  *Richmond v. Populous Group, LLC*, 2005 U.S. Dist. LEXIS 20934, at *5 (N.D. Ohio Sept. 23, 2005).  Specifically, the proper considerations are as follows:

> In making this calculation, a federal court "should consider the plaintiff's motives; should look at prior lawsuits between the parties, if any; should look at awards in similar lawsuits between other parties; should consider any other evidence defendant may have; and should exercise its common sense."

*Brown*, at *12 (quoting *Hahn v. Auto-Owners Ins. Group*, 2006 U.S. Dist. LEXIS 70299, *2 (E.D. Tenn. Sept. 27, 2006)).

## IV.   LEGAL ARGUMENT: DEFENDANT CANNOT ESTABLISH THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.

> *Facts do not cease to exist because they are ignored.*

Aldous Huxley, 1894-1963, A Note on Dogma.

### A.   Jurisdiction Under CAFA

Defendants base their removal on CAFA.  With CAFA's passage, Congress expanded the original jurisdiction of the federal courts to encompass class action lawsuits that, prior to the statute's passage, were confined to state court.  This legislative accomplishment was achieved through the introduction of two key statutory features: aggregation of the monetary value of claims and a minimal diversity of citizenship threshold. 28 U.S.C.A. § 1332(d)(2).  For any putative class action, the claims of all class members are to be added together and, if the sum exceeds $5,000,000, exclusive of interest and costs, and at least one member of the plaintiff class is a citizen of a state different from at least one defendant, then the federal court "shall have original jurisdiction" by virtue of 28 U.S.C. § 1332(d)(2).  This means that a class action asserting state law claims for relief that satisfies these criteria can now be originally brought in federal court and, if filed in state court, can be brought into the federal system thanks to Congress's passage of § 1453, the corresponding removal provision.[7]

Significantly, CAFA embodies clear Congressional policy that many class actions should remain in state court.  Indeed, Congress specifically provided that some class actions could not be

---

[7]*See id*. § 1453.

removed at the outset[8] and that some would never be removed.[9]  Tellingly, Congress did not modify

the rule that the plaintiff is the master of the complaint.  Instead, CAFA provides that the class

proposed by plaintiff's pleading at the time of removal governs removability by providing: (1) that

only claims of "class members" are aggregated in determining if more than the required $5,000,000

is involved [28 U.S.C. § 1332(d) (6)], (2) that "class members" are only those within the "definition

of the proposed or certified class" [28 U.S.C. § 1332(d)(1)(D)], (3) that a "class action" removable

from state court is a civil action "filed" under state a class action statute or rule [28 U.S.C. §

1332(d)(1)(B)] when the only paper so filed is plaintiff's state court complaint, and (4) that citizenship

of "members of the proposed plaintiff class shall be determined ... as of the date of filing of the

complaint."  28 U.S.C. § 1332(d)(7).  Additionally, Congress provided for later removal, without

time limits as to class actions, when the case "stated by the initial pleading is not removable."  28

U.S.C. § 1446(b) and 1453(b).

CAFA has actually strengthened the policies and highlighted the practicalities underlying the

historic presumption favoring remand and the burden of proof being placed on the non-removing

party, because CAFA does not contain the one-year limit from date of filing in state court for removal

previously imposed on all diversity jurisdiction cases.  28 U.S.C. § 1453(b) ("except that the 1-year

limit under 1446(b) [does] not apply.").

---

[8]28 U.S.C. § 1332(d)(7).

[9]See e.g. §§ 1332(d)(6)(must exceed $5,000,000 in controversy); 1332(d)(3)(requiring diversity between a class member and a defendant); 1332(d)(9)(CAFA inapplicable to class actions asserting only certain claims); 1332(d)(4)(declining jurisdiction required in certain cases); 1332(d)(3)(discretionary declination of jurisdiction).

Congress therefore strongly endorsed class actions[10] and amended certain jurisdictional rules to allow removal of some, but not all, diversity class actions.  CAFA's jurisdictional framework combined some new statutory exceptions to existing removal law with exemptions from those exceptions.  And so, CAFA does not shift the burden on removal or alter removal presumptions. After all, CAFA was not designed to envelope *all* class actions.[11]   Nor does CAFA overturn longstanding Supreme Court precedent establishing the plaintiff as master of his own complaint, with the clear prerogative to plead limitations to stay in state court.  *Red Cab*, 303 U.S. at 288-289, 294. Thus, the only issue under CAFA is whether Defendants have satisfied their burden to establish the $5,000,000 amount-in-controversy requirement.

**B.      Plaintiff Is Master of His Complaint and His Disclaimer Was Made in Good Faith.**

Two fundamental principles guide the Court's analysis.  First, the plaintiff is the "master of his complaint"[12] and can plead to avoid federal jurisdiction and sue for less than the amount he may be entitled to if he wishes to avoid federal jurisdiction and remain in state court, *see Nationwide,* 505

---

[10]"Class action lawsuits are an important and valuable part of the legal system when they permit the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm." 119 Stat. 4, Sec. 2(a)(1).

[11]*Plubell v. Merck & Co.*, 434 F.3d 1070, 1073-1074 (8th Cir. 2006) ("While some defendants may benefit by having their cases in federal instead of state court, this is not a stated purpose of the Act (CAFA)").  *See, e.g., Saab v. Home Depot U.S.A., Inc.*, 469 F.3d 758, 759 (8th Cir. 2006) (indicating that the term class action as used in CAFA did not include "all" class actions).

[12]*See* 14B Charles Alan Wright et Al., *Federal Practice and Procedure* § 3702, at 46 (3d ed. 1998) ("[P]laintiff is the master of his or her claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy."); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course the party who brings a suit is master to decide what law he will rely upon . . . .").

-14-

F.3d at 407.[13]  Second, the amount in controversy is determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."  *Id.*

Significantly, the Sixth Circuit recently emphasized that the rule declaring that the plaintiff is the master of his complaint is still the basic jurisdictional principal:

> "We recognize that plaintiffs can avoid removal under CAFA by limiting the damages they seek to amounts less than the CAFA thresholds.  Generally, if a plaintiff 'does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'"

*Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 407, 408 (6th Cir. 2008) (citing *Red Cab*, 303 U.S. at 294).  Or, as the Sixth Circuit observed in *Nationwide*:

> "[i]t is well established that the plaintiff is 'master of [his] complaint' and can plead to avoid federal jurisdiction.  Accordingly, subject to a 'good faith' requirement in pleading, a plaintiff may sue for less than the amount [he] may be entitled to if [he] wishes to avoid federal jurisdiction and remain in state court."

505 F.3d at 407 (citations omitted).

Congress is also charged with the knowledge of pre-existing Supreme Court jurisdictional case law and is deemed to have left undisturbed that which was not specifically changed by subsequent statutory text.[14]  And so, even after CAFA, much of removal and remand analysis is

---

[13]The sum sought in a complaint must be accepted as true for purposes of determining the jurisdictional amount under 28 U.S.C. §1332(a).  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  If a plaintiff  "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  *Id.* at 294.  The only exception to the rule is if plaintiff has made the limitation in bad faith.  *Id.*

[14]*See Contract Freighters, Inc. v. Secretary of U.S. Dept. of Transp.*, 260 F.3d 858, 861 (8th Cir. 2001) (Congress is presumed to know the legal background in which it is legislating); *Prime Care of Northeast KS., L.L.C. v. Humana, Inc.*, 447 F.3d 1284, 1287 (10th Cir. 2006)

premised upon the bedrock rule that the plaintiff is the master of his complaint.[15]  Thus, where a plaintiff chooses to claim less than the federal requirement in a state court action, the Supreme Court directs that removal should generally be precluded.  *See Red Cab*, 303 U.S. at 294.  And where, as here, a plaintiff specifically pleads for an amount-in-controversy less than the federal jurisdictional minimum – less than $4,999,999 – that is generally dispositive and the case is not removable.  *See id.*

At bottom, as the Sixth Circuit emphasized in *Nationwide* and reiterated in *Freeman*, Plaintiff is the "master of his complaint" and can plead to avoid federal jurisdiction, including suing for less than the amount he may be entitled to if he wishes to avoid federal jurisdiction.  *See Nationwide*, 505 F.3d at 407.  Here, having written his complaint to expressly disclaim damages exceeding $4,999,999 with the intent to remain in state court, Plaintiff's forum choice should be respected.

### C.   The Facts Alleged in Plaintiff's Complaint Demonstrate That the Claims of Class Members, When Aggregated, Do Not Exceed the Sum or Value of $5,000,000, Exclusive of Costs and Interest.

"The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *McDaniel v. Lowe's Home Ctrs.*, 2007 U.S. Dist. LEXIS 2006, *4 (E.D. Ky. Jan. 9, 2007). Defendants' Notice of Removal fails to provide such facts, much less prove them.  Thus, Defendants'

---

("the principle, repeatedly invoked by the Supreme Court, that Congress is presumed to enact legislation with knowledge of the law and a newly-enacted statute is presumed to be harmonious with existing law and judicial concepts.").

[15]*Red Cab*, 303 U.S. at 288-289, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").  *See* 14B Charles Alan Wright, et al., *Federal Practice and Procedure* § 3702 at 46-47 (West 1997) ("Under well-settled principles,... if the plaintiff chooses to ask for less than jurisdictional amount only the sum actually demanded is in controversy").

failure to "prove facts sufficient to support federal jurisdiction" rendered the notice "defective at the time it removed this action from state court." *Tippett v. Amica Mut. Ins.*, 2006 U.S. Dist. LEXIS 2819, at *7 (E.D. Mich. Jan. 20, 2006).  And so, the action was not properly removed and remand is proper because, "[w]ithout proper removal, a state court action does not belong in federal court in the first place." *Ahearn v. Charter Town. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).

Under CAFA, every class member's claim must be aggregated to determine whether the $5,000,000 threshold is satisfied.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interests.").  Here, Defendants' primary argument appears to be that the Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), as amended by CAFA[16], by accepting the information contained in the Declaration of Wesley Muddle, *i.e.*, that $30,000,000, not less than $5,000,000, is in controversy.

---

[16]Removal in this case was predicated upon 28 U.S.C. §1332, as amended by CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which --
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. §1332(d)(2).

-17-

The initial breach in Defendants' calculations is that Plaintiff expressly stipulates in his complaint that the total amount in controversy does not exceed $4,999,999, exclusive of interest and costs, per class member.  *See* Complaint, ¶ 19.  Second, Mr. Muddle's declaration fails to offer any real evidence that can be accepted by the Court in calculating the amount-in-controversy.  In fact, the $30,000,000 in sales figure contained in Mr. Muddle's declaration clearly includes products which are not relevant to this action.  Specifically, the $30,000,000 refers to sales for products which "relate to fretted musical instrument products," not just fretted musical instrument products.  Put simply, there is no information concerning sales data of the products actually relevant to this action.[17]  And so, Defendants' theory is really nothing more than mere speculation and conjecture at this point, Defendants having failed to offer any *realistic* formula, much less evidence, by which it may satisfy its burden.

To be certain, not only is Defendants' position unconvincing, it is also completely unsupported by the facts.  As Justice Oliver Wendell Holmes once said, *"[t]his is not a matter for polite presumptions; we must look facts in the face." Frank v. Mangum*, 237 U.S. 309, 347 (1915).  Considering Plaintiff's actual allegations and the only real evidence before the Court, Defendants have failed to show by a preponderance, much less to a legal certainty, that the amount-in-controversy exceeds $5,000,000.  In the end, because Defendants' removal argument requires the Court to engage in conjecture, guess-work, and speculation, only the Plaintiff has provided the Court with a reliable

---

[17]Defendants cannot rely on "tenuous inferences and assumptions about the amount in controversy to satisfy its burden."  *Puelo v. Whirlpool Corp.*, 2008 U.S. Dist. LEXIS 15646, *4 (D. N.J. Feb. 29, 2008).  Defendants have offered only conclusory allegations, speculations, and unsubstantiated assertions which are not evidence.  *Gooden v. City of Memphis Police Dep't*, 2003 U.S. App. LEXIS 12352, at *4 (6th Cir. June 17, 2003); *Chief Indus. v. Campus Lofts, Inc.,* 2005 U.S. Dist. LEXIS 39151, *11 (D. Neb. Dec. 22, 2005) (courts will not engage in speculation regarding any relief which the plaintiff may be entitled to receive).

method – a valid, good-faith disclaimer of damages – to determine the amount-in-controversy.

Having conceded that they bear the burden of establishing that the amount in controversy is satisfied, Defendants fail to carry that burden. Courts routinely find disclaimers such as that alleged by Plaintiff to be effective, concluding that they are "strong evidence" of the amount in controversy. *Berry v. American Express Publ. Corp.*, 381 F. Supp. 2d 1118 (C.D. Cal. 2005); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (noting plaintiff could have "represented that the class would neither seek nor accept more than $5 million in aggregate"). Plaintiff has limited the aggregate damages to $4,999,999. Such a limitation is the best evidence of the amount-in-controversy. Because Plaintiff has requested aggregate damages less than the jurisdictional threshold of CAFA, federal jurisdiction is improper.

In a nutshell, Defendants' argument ignores the most vital ingredient to Plaintiff's disclaimer: the ceiling on the amount of *aggregate damages is less than $4,999,999* and this type of ceiling is an effective waiver of damages "absent adequate proof adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." *Nationwide,* 505 F.3d at 407. Accordingly, the amount-in-controversy in this case – less than $4,999,999 – is below the jurisdictional amount required for diversity jurisdiction under CAFA.

In the final analysis, Defendants' attempts to obscure Plaintiff's actual allegations notwithstanding, Plaintiff's disclaimer limited the total class wide relief to less than $4,999,999. Significantly, even if Defendant's "calculations" are considered (they should not be) and are correct (they are not), those calculations still fail to bring the total amount-in-controversy to $5,000,000.

### D.      Defendants' Apparent Reliance on Tenn. R. Civ. P. 54.03 is Misplaced.

Finally, claiming Plaintiff's disclaimer is ineffective under Tennessee and federal law, Defendants rely on language from Tennessee Rule of Civil Procedure 54.03 and apparently intend to invoke *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). However, neither Rule 54.03 nor *Rogers* supports Defendants' argument.

In *Rogers*, the plaintiff originally filed her complaint in Tennessee state court seeking $950,000 in damages against Wal-Mart as a result of a slip and fall on Wal-Mart's premises. *See id.* at 870. During the discovery process, the plaintiff signed an interrogatory response which estimated her documented damages to be $447,000. *See id.* The case was removed to federal court and dismissed for procedural reasons. *Id.* Subsequently, the plaintiff re-filed her case in Tennessee state court with a stipulation that she sought to recover an amount "not exceeding $75,000." *Id.* The case was once again removed by Wal-Mart and the court denied the plaintiff's motion to remand, basing its decision largely on the fact that the plaintiff's first action sought nearly $1 million and that the plaintiff made sworn responses to discovery requests stating that her amount of damages exceeded $447,000. *See id.* at 871. The Sixth Circuit agreed with the district court, stating that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction . . . a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Id.* at 872.[18]

---

[18]The actual holding in *Rogers*, however, is effectively abrogated by the Supreme Court's ruling in *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411, 2417, 168 L. Ed. 2d 112 (2007); *see The Ewing Group, Inc. v. Deltacom, Inc.*, 2009 U.S. Dist. LEXIS 106322, *3 (E.D. Tenn. Nov. 13, 2009) ("28 U.S.C. § 1447(c) requires courts to remand a case '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.' 28 U.S.C. § 1447(c). This requirement applies even if a case was properly removed and the court had jurisdiction at the time of removal.") (citing *Powerex* as abrogating *Rogers*).

But Defendants' argument does not hinge on the holding in *Rogers*.  Instead, it relies upon the Court's statement, in *dicta*, that the Tennessee Rules of Civil Procedure allow a plaintiff to recover a judgment in excess of the amount prayed for in the complaint.  However, as Judge Traugher of the Middle District recently recognized, this statement of Tennessee law is simply incorrect. *Bennett v. Kmart Corp.*, 2008 U.S. Dist. LEXIS 47586, *4-5 (M.D. Tenn. June 19, 2008).  *Rogers* "relied upon an incomplete quotation from Rule 54.03 of the Tennessee Rules of Civil Procedure and entirely ignored Rule 15.02 of the same rules, which provides that 'amendment after verdict so as to increase the amount sued for in the action shall not be permitted'" and the decision "has been roundly criticized for this mistaken construction of the Tennessee rule by Donald F. Paine, long-time Reporter to the Tennessee Supreme Court's Advisory Commission on the Rules of Practice and Procedure. Paine, *Removal Jurisdiction*, 38 Tenn. B.J. 19 (2002)."  *Bennett*, at *4-5.[19]  *Rogers* – if construed as Defendants appear to suggest – would effectively delete from the statute the jurisdictional amount in controversy requirement.

Also, the distinctions between this case and *Rogers* are prominent.  For instance, as Judge Traugher noted, *Rogers* may be easily distinguished, "as the plaintiff has not entered into a post-removal stipulation." *Bennett*, at *4-5.  Similarly, Plaintiff's complaint contains a binding pre-removal declaration limiting its recovery to $4,999,999.  Because the holding in *Rogers* was fact-specific and based upon an adjudicated bad-faith manipulation of the court system, it is not persuasive here.

---

[19]Paine correctly observed that the *Rogers* court relied upon a truncated quotation from Tennessee Rule 54.03: "Every final judgment shall grant relief to the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Paine pointed out that the Tennessee version of the rule adds to the federal version: "but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief."  Paine, *Removal Jurisdiction*, 38 Tenn. B.J. 19 (2002).

## V.      PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES

Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  An award of attorney fees and costs under § 1447(c) is a matter of the district court's discretion.  *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 709; 163 L. Ed. 2d 547, 552 (2005); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).  The Court must undertake some review of the merits of the removal notice to assess the reasonableness of the attempted removal.  As the Supreme Court recently recognized in *Martin*, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."  126 S. Ct. at 711.

Consequently, the test for awarding fees under §1447(c) "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.*  In other words, the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Id.*

In determining whether fees should be awarded in a given case, the Supreme Court has explained that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin*, 546 U.S. at 141 (citations omitted).  Here, Defendants' argument is supported by neither the statute nor existing case law.  Defendants' removal therefore had no reasonable basis and was improper, and Defendants' improper removal should be met with an award of attorneys' fees and costs to Plaintiff.

## VI.    CONCLUSION

Defendants have failed to carry their burden of proving that the amount-in-controversy requirement is satisfied.  Accordingly, this Court should remand the action to the Chancery Court for Knox County.

Respectfully submitted, this 14th day of January, 2010.


_____/s/ Gordon Ball_____
W. Gordon Ball, BPR # 001135l
Wallace A. McDonald, BPR # 016210
**Ball & Scott Law Offices**
550 Main Street, Suite 601
Bank of America Center
Knoxville, TN 37902
(865) 525-7028

-23-

**CERTIFICATE OF SERVICE**

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

This 14th day of January, 2010.

/s/      Gordon Ball
                   Gordon Ball

-24-