UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONNIE COLLINS, ) | | |
| on behalf of himself and all others ) | No. 3:09-cv-00531 | |
| similarly situated, ) | | |
| ) | Judge Jordan/Magistrate Shirley | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CLASS ACTION | |
| ) | | |
| GUITAR CENTER, INC., et al., ) | | |
| ) | | |
| Defendants. ) | | |

**MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO STAY**

**NOW INTO COURT** comes the Plaintiff, and moves the Court to reconsider or vacate the January 26, 2010 Order granting Defendants' joint motion to stay. For grounds, Plaintiff would show as follows:

1. Plaintiff filed his class action complaint on October 13, 2009 in the Chancery Court for Knox County, Tennessee. [Doc. 1].

2. Defendants removed this action from the Chancery Court for Knox County on December 4, 2009. [Doc. 1].

3. The Judicial Panel on Multidistrict Litigation ("MDL Panel") entered a Conditional Transfer Order on January 13, 2010, indicating that the case was conditionally transferred to the Southern District of California for pretrial coordination under 28 U.S.C. § 1407.

4. Plaintiff moved the Court for remand on January 14, 2010. [Doc. 15].

5.     On January 25, 2010, Defendants moved the Court to stay proceedings pending a ruling by the MDL Panel on Defendants' efforts to have the case transferred. [Doc. 17]. By separate motion, Defendants also asked the Court to expedite its ruling on Defendants' motion to stay. [Doc. 18]. Defendants' argument for a stay boils down to the following statement:

> "If the Panel transfers this case, as it almost certainly will, then any time and effort this Court spends on this action in the meantime will be an unnecessary waste. On the other hand, if the Panel decides not to transfer this case, which is unlikely, there will be no prejudice to plaintiff whatsoever if the Court and the parties address plaintiff's motion to remand in due course after only a brief delay for the Panel's decision on plaintiff's anticipated objection to the Conditional Transfer Order."

[Doc. 17 – Defendants' Joint Motion to Stay Pretrial Proceedings, p. 1].

6.     On January 26, 2010, just as Plaintiff's counsel was preparing to file a response to these motions, the Court entered an order granting a stay. [Doc. 19].

7.     By this motion, Plaintiff asks the Court, with all due respect, to reconsider the order granting a stay for the following reasons:

(a) the Court entered the stay order without giving Plaintiff an opportunity to respond to either the motion to stay or the motion to expedite a ruling on the motion to stay, as provided in the Local Rules, *see* E.D. TN. LR 7.1 ("the answering brief and any accompanying affidavits or other materials shall be served and filed no later than 14 days after the service of the opening brief");

(b) only under "exceptional circumstances" may the Court "act upon a motion prior to the expiration of the response time," *see* E.D. TN. LR 7.2; and while the phrase, "exceptional circumstances," is not defined in the Local Rules, Defendants have submitted nothing which could conceivably appear to reach the level of rare, unusual, extraordinary, or "exceptional circumstances";

(c) while the Court may have viewed Defendants' motions as merely requesting procedural relief, the effect of a stay in this case would appear to impose undue prejudice on the Plaintiff if he is compelled to travel thousands of miles with his counsel and litigate in the Southern District of California, despite the absence of federal subject matter jurisdiction, as demonstrated in Plaintiff's brief in support of remand;

(d) this Court has consistently viewed motions to stay proceedings pending a decision on multi-district coordination unfavorably, citing the familiar rule that the first determination to be made by any federal court is whether it possesses federal subject matter jurisdiction in the first place;

(e) if this Court lacks original subject matter jurisdiction in the first place, as Plaintiff strenuously maintains, such jurisdiction cannot be artificially-manufactured by passing the threshold jurisdictional decision on to another federal court;

**WHEREFORE**, Plaintiff would respectfully move the Court to reconsider its order granting a stay and vacate that order in order to make the threshold determination of whether subject matter jurisdiction exists in this case.

Respectfully submitted, this 27th day of January, 2010.

        /s/   Gordon Ball
Gordon Ball
Ball & Scott
550 W. Main Street, Suite 601
Knoxville, Tennessee 37902
(865) 525-7028

**CERTIFICATE OF SERVICE**

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 27th day of January, 2010.

/s/   Gordon Ball
Gordon Ball