### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| DONNIE COLLINS, | ) | |
| on behalf of himself and all others | ) | No. 3:09-cv-00531 |
| similarly situated, | ) | |
| | ) | Judge Jordan/Magistrate Shirley |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| GUITAR CENTER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER
### ORDER GRANTING DEFENDANTS' MOTION TO STAY

**NOW INTO COURT** comes the Plaintiff, and in support of his motion to reconsider the January 26, 2010 Order granting Defendants' joint motion to stay, submits the following memorandum:

## I.     PRELIMINARY STATEMENT

On a joint motion of the Defendants, the Court has, Plaintiff believes, without the benefit of Plaintiff's response or input, errantly entered an order staying these proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on the issue of whether or not this case will be transferred to another district, pursuant to 28 U.S.C. §1407.[1]

---

[1] While a decision will ultimately be made by the MDL Panel whether or not to transfer this case to the Southern District of California, transfer is not – as Defendants characterize it – inevitable. Under Rule 7.4 of the MDL Panel's Rules of Procedure, *see* 199 F.R.D. 425 (2001), a number of things must occur before the MDL Panel can even reach such a decision. For instance, by February 10, 2010, Plaintiff must file a motion to vacate the conditional transfer order entered by the MDL Panel. Then, Defendants may respond, after which the motion will be set for hearing, likely in or about March 2010, from which an order will enter. Contrary to

*First*, absent "exceptional circumstances," which do not exist here, it is incumbent upon the Court to allow the parties to respond to their adversaries' motions.  Such "rare," "unusual,"or "extraordinary" circumstances are not demonstrated by Defendants' moving papers in this case.

*Second*, not only is the Court's stay order contrary to a number of previous decisions in this District which have consistently rejected motions to stay under precisely the circumstances before the Court, it also disregards the compelling reasoning behind those decisions, *e.g.*, (a) that the threshold determination to be made by any federal court is whether it possesses federal subject matter jurisdiction, which is strongly disputed, (b) that the pendency of any proceedings before the MDL Panel does not affect or suspend orders or pretrial proceedings in the district courts in which the action is pending and does not limit the pretrial jurisdiction of such courts, and (c) that such jurisdictional deficiencies cannot be remedied by transfer to another district court.

*Finally*, to obtain a stay, a defendant must demonstrate a clear case of hardship or inequity absent a stay which outweighs the prejudice to plaintiffs.  Defendants plainly failed to satisfy this heavy burden.  Plaintiff will suffer undue prejudice if the stay remains effective and he is compelled to travel thousands of miles to Southern California to litigate his Tennessee claims and seek remand to the Chancery Court for Knox County by the district court there.

## II.      RELEVANT PROCEDURAL FACTS

Plaintiff filed his class action complaint on October 13, 2009 in the Chancery Court for Knox County, Tennessee.  [Doc. 1]  Defendants removed this action to this Court on December 4, 2009 based upon diversity jurisdiction under the Class Action Fairness Act ("CAFA").  [Doc. 1].  On

---

Defendants' self-serving prediction that transfer will be granted, Plaintiff believes that he is entitled to have his upcoming motion to vacate the conditional transfer order decided on its own merits.

January 13, 2010, the Judicial Panel on Multidistrict Litigation ("MDL Panel") entered a Conditional

Transfer Order, providing that the case had been conditionally transferred to the Southern District

of California for pretrial coordination under 28 U.S.C. § 1407.

On January 14, 2010, Plaintiff moved the Court for remand to state court, arguing that this

Court lacks subject matter jurisdiction under CAFA.  [Doc. 15].

On January 25, 2010, Defendants jointly moved the Court to stay proceedings pending a

ruling by the MDL Panel on Defendants' efforts to have the case transferred.   [Doc. 17].

Recognizing that their response to Plaintiff's motion for remand was coming due, Defendants also

asked the Court on that day to expedite a ruling on their motion to stay.  [Doc. 18].  On January 26,

2010, as Plaintiff's counsel was preparing to file a response to both of these motions, the Court

entered an order granting a stay.  [Doc. 19].

Defendants' argument for a stay is summarized by the following statement from their motion:

> "If the Panel transfers this case, as it almost certainly will, then any time and effort this Court spends on this action in the meantime will be an unnecessary waste.  On the other hand, if the Panel decides not to transfer this case, which is unlikely, there will be no prejudice to plaintiff whatsoever if the Court and the parties address plaintiff's motion to remand in due course after only a brief delay for the Panel's decision on plaintiff's anticipated objection to the Conditional Transfer Order."

[Doc. 17 – Defendants' Joint Motion to Stay Pretrial Proceedings, p. 1].

### III.   LEGAL ARGUMENT

The Court should reconsider its order granting a stay for the following reasons:

(a) it is undisputed that the Court entered the stay order without giving Plaintiff an opportunity to respond to either the motion to stay or the motion to expedite a ruling on the motion to stay, as provided in the Local Rules, *see* E.D. TN. LR 7.1 ("the answering brief and any accompanying affidavits or other materials shall be served and filed no later than 14 days after the service of the opening brief");

(b) it is also undisputed that only under "exceptional circumstances" may the Court "act upon a motion prior to the expiration of the response time," *see* E.D. TN. LR 7.2; while the phrase, "exceptional circumstances," is not defined in the Local Rules, Defendants have submitted nothing which could conceivably appear to reach the level of rare, unusual or extraordinary circumstances;

(c) while the Court may have viewed Defendants' motions as merely requesting procedural relief, the effect of a stay in this case may be unduly prejudicial to Plaintiff if the result is that he is compelled to travel thousands of miles with counsel to litigate his action in the Southern District of California, all despite the absence of federal subject matter jurisdiction, as demonstrated in Plaintiff's brief in support of remand;

(d) the pendency of any proceedings before the MDL Panel does not affect or suspend orders or pretrial proceedings in the district courts in which the action is pending and does not limit the pretrial jurisdiction of that court;

(e) jurisdictional deficiencies cannot be remedied merely by transfer to another district court;

(f) this Court has consistently viewed motions to stay proceedings pending a decision on multi-district coordination unfavorably, citing the familiar rule that the first determination to be made by any federal court is whether it possesses federal subject matter jurisdiction in the first place;

(g) if this Court lacks original subject matter jurisdiction in the first place, as Plaintiff strenuously maintains, such jurisdiction cannot be artificially-manufactured by passing the threshold jurisdictional decision on to another federal court; and

(h) to overcome Rule 1.5 and obtain a stay, a defendant must demonstrate a clear case of hardship or inequity absent a stay which outweighs the prejudice to plaintiffs of granting a stay; here, Defendants have failed to satisfy this heavy burden.

### A.   Defendants Failed to Demonstrate the Existence of "Exceptional Circumstances" to Warrant Entry of an Order Before Expiration of Plaintiff's Response Time.

Under E.D. TN. LR 7.1, the "answering brief and any accompanying affidavits or other materials shall be served and filed no later than 14 days after the service of the opening brief." Defendants' motion was filed on January 25, 2010, giving Plaintiff until February 8, 2010 to respond. The Court may, in "exceptional circumstances," "act upon a motion prior to the expiration of the response time."  *See* E.D. TN. LR 7.2.  Common dictionary definitions of "exceptional circumstances" indicate that "exceptional" means "rare," "unusual," or "extraordinary." Defendants have submitted nothing which could conceivably appear to reach the level of "rare, unusual or extraordinary circumstances."   Accordingly, and respectfully, the Court should have awaited Plaintiff's response to the Defendants' motion before ruling on the motion the day after it was filed.

### B.   Defendants' Have Not Satisfied Their Heavy Burden.

Defendants sought a stay based on their hope that this case will be transferred for multi-district coordination by the MDL Panel.  No other reasonable reason for a stay was given.  However, the MDL Panel's own rules reject the notion that an MDL motion should require an automatic stay (*see* Rule 1.5 of the revised MDL Panel Rules of Procedure).

Specifically, Rule 1.5 of the MDL Panel Rules of Procedure provides that a motion before the MDL Panel does not operate to stay proceedings sought to be transferred. *See* 28 U.S.C. §1407, Rule 18; *Aetna U.S. Healthcare v. Hoechst Aktiengesellschaft*, 54 F. Supp.2d 1042, 1047-1048 (D. Ka. 1999); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.,* 987 F. Supp. 1186, 1189 (N.D. 1997). This rule clearly reflects the policy that proceedings should not be stayed while a motion to transfer is pending before the MDL Panel.

To be certain, in seeking a stay, Defendants appear to disregard the import of Rule 1.5, which provides, in pertinent part as follows:

> "the pendency of a motion, order to show cause, conditional-transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

Similarly, the *Manual for Complex Litigation 3d* ("MCL") further illustrates this point:

> During the pendency of a motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case.  (citing Rule 18).  The transferor court should not automatically stay discovery . . . postpone rulings on pending motions, or generally suspend further proceedings upon being notified of the filing of a motion for transfer.

*MCL 3d,* §31.131, at p. 252.  Of course, the rule does not explicitly prohibit the Court from granting a stay pending the disposition of transfer; rather, it simply explains that a court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation."  *See Davenport v. Microsoft Corp.*, No. 3:99-cv-660, *Memorandum and Order*, at 7 (E.D. Tenn. Jan. 24, 2000).  Nevertheless, the intent of Rule 1.5 could not be more clear.  In order to overcome Rule 1.5 and

obtain a stay, a defendant must demonstrate a clear case of hardship or inequity absent a stay which outweighs the prejudice to plaintiffs of granting a stay. *See, American Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *1 (E.D. Pa. 1992). Here, Defendants cannot meet this heavy burden. Although they suggest the Court should stay this case so that the case can be assigned for consolidated multi-district proceedings, this view runs counter to the important principal that a court must first have the power to decide an issue *before* passing judgment on the reasonableness of any particular solution. 28 U.S.C. §1447(c) (mandating remand by a district court if it appears that the court lacks subject matter jurisdiction). As a court of limited jurisdiction, this Court lacks the power to decide issues beyond the authority granted to it by Congress. *See Sheldon v. Sill,* 49 U.S. 441 (1850).

> **C.    The Court's First Duty Is to Determine Whether Subject Matter Jurisdiction Exists, and it Is Not  Empowered at this Time to Exercise Jurisdiction Which it Does Not Possess.**

Not long ago, Justice Scalia, of the United States Supreme Court, speaking for the majority in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998), declared that jurisdiction is a "first and fundamental question" that a court is "bound to ask and answer for itself." *Id.* at 94. The Supreme Court's strong endorsement of the importance of deciding jurisdictional issues cannot be overlooked. Thus, the jurisdictional issue must first be resolved. Moreover, the Sixth Circuit has held that in every case filed in or removed to federal court, the "first and fundamental question" is whether the federal court has jurisdiction to hear it. *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).

Nevertheless, Defendants argue that the Court should defer indefinitely a ruling on the threshold jurisdictional issue. Defendants' position turns the threshold jurisdictional issue squarely

on its head.  The Court must first satisfy itself that it has original subject matter jurisdiction before ruling on any other motions, for if the Court lacks original jurisdiction, it is axiomatic that it also lacks jurisdiction to transfer the case to another federal district which also lacks subject matter jurisdiction.

> **D.     This Court Lacks Subject Matter Jurisdiction of this Action and this Jurisdictional Deficiency Cannot Be Remedied by Subsequent Transfer.**

Predictably, in support of their motion, Defendants ignore a number of directly on-point decisions from the Eastern District of Tennessee.  <u>First</u>, in *Davenport v. Microsoft Corp.,* No. 3:99-cv-660, *Memorandum and Order* (E.D. Tenn. Jan. 24, 2000), plaintiff brought a putative antitrust class action against Microsoft under Tennessee law.  Davenport was one of over forty (40) similar cases filed across the country.  Shortly after removal, Microsoft moved the Court for a stay until the MDL Panel determined if the action could be transferred for MDL proceedings.  *Id*. at 2.  Judge Murrian carefully reviewed the existing law and determined that because there were serious questions regarding whether this court has subject matter jurisdiction over this matter," the Court should <u>first </u>consider the jurisdictional issues presented by plaintiff's motion for remand, and then, and only then, if the court has subject matter jurisdiction, all further proceedings should be stayed pending a decision by the MDL Panel on the motions to transfer.  *Id*. at 10-11 (citing *Sams v. Hoechst Aktiengesellschaft*, No. 2:98-CV-348 (E.D. Tenn. March 3, 1999)).

<u>Second</u>, in *Sams*, an antitrust case involving the prescription drug "Cardizem CD," one of the defendants moved to stay all proceedings pending a determination of its motion for multidistrict coordination before the MDL Panel.  The Court then recognized that "[t]ransferring this action to another district court will not cure the apparent jurisdictional problems."  *Id.*  Finally, the Court

noted that the MDL Panel had advised the court that "during the pendency of [the defendant's] motion to transfer, it [the court] still has jurisdiction to rule on any pretrial matters." *Id.*

Third, in an earlier decision, *Sweet v. Ford Motor Co.,* No. 3:96-CV-0712 (E.D. Tenn. Oct. 13, 1996), the Honorable Judge Leon Jordan was confronted with a motion by a plaintiff to remand a class action removed from state court.  Ford moved for a stay of the proceedings pending action by the MDL Panel on the *proposed* transfer of *Sweet* to another district for consolidation with similar actions.  In denying a stay, Judge Jordan noted that such a motion "is addressed to the court's discretion," and held that (1) "the JPML has neither the statutory authority or the inclination to review decisions of district courts, whether they are transferor or transferee courts," *see Sweet*, Order, at 5, n. 1 [citing *In re Data General Corp. Antitrust Litigation*, 510 F. Supp. 1220, 1226-27 (J. P. M. L. 1979)]; and (2) "the JPML has not filed a transfer or other order in this civil action."  *Sweet*, Order, at 5.  Finally, Judge Jordan stated that a stay was inappropriate, reasoning:

> "This court lacks jurisdiction of the subject matter of the civil action, and the jurisdictional deficiency cannot be remedied by transfer of this action by the JPML to another district court."

*Sweet*, Order, at 5.

Fourth, that courts in this district routinely give priority to jurisdictional issues presented by remand motions is also illustrated by a decision by Judge Thomas Hull, where, in the face of a motion by the defendants to stay a class action pending determination by the MDL Panel on a motion for transfer, he observed,

> Because this Court is a court of limited jurisdiction, its first responsibility is to determine whether jurisdiction exists.  The parties are ADVISED that the Court will not address the defendants' motion to stay or their motion to dismiss until it has addressed the jurisdictional question.

*Saylor v. Philip Morris Companies, Inc., et al*, No. 2:03-CV-70, Order, at 2 (E.D. Tenn. May 1, 2003) (caps in original) (underline added).

Fifth, still another illustrative decision by this Court on a motion to stay is *Randolph, et al v. Schering-Plough Corp.*, No. 2:01-CV-167, *Order*, at 2-3 (E.D. Tenn. Jul 18, 2001). *Randolph* involved antitrust allegations against the makers of the drug, K-Dur 20, and the makers of generic equivalents of that drug. The case was removed by the defendant drug makers to this Court and the defendants moved to stay all proceedings (including plaintiff's remand motion) until the MDL Panel decided whether the case should be transferred to the District of New Jersey with similar actions for coordinated or consolidated proceedings. *Id.* at 2. In rejecting a stay in *Randolph*, the Court stated:

> In opposing a stay and urging a remand to state court, plaintiff Randolph argues, correctly, that the first and most fundamental question a court must ask itself is whether or not it has jurisdiction. He argues that if subject matter jurisdiction is lacking, a transfer to a multidistrict federal court will not remedy this defect. The Court agrees. Nothing will be gained by staying consideration of the motion to remand.

*Id.* at 3. For the very reasons articulated by the Court and the plaintiff in *Randolph*, the Court should deny a stay in this case as well.

As demonstrated, this well-settled rule rightly compels district courts to first determine motions for remand before considering motions for stay, for transfer, or for dismissal. In the case at bar, Defendants' motion is addressed to this Court's discretion. *See Sweet,* Order, at 4. As Judge Jordan stated in *Sweet*, this Court's decisions cannot be reviewed by the MDL Panel. Here, as in *Microsoft, Sams*, *Sweet*, *Saylor* and *Randolph*, no final transfer order has been entered by the MDL Panel transferring this action. Rather, the case has merely been included as one of a number of pending cases against these particular Defendants in a motion filed before the MDL Panel seeking

consolidation for pretrial proceedings.  Additionally, as Plaintiff demonstrates in his brief in support of remand, this Court lacks subject-matter jurisdiction of this action.  Frankly, Defendants cannot manufacture federal jurisdiction where none exists, nor can such a deficiency be cured by mere transfer of the case to another federal court.

Finally, through the exercise of discretion under the MDL Panel rules, it is easier for <u>this Court</u> to determine the impact of Tennessee law and rule on jurisdictional issues than to defer such a ruling and beg off of its responsibility in favor of the Southern District of California.  *See e.g., Karofsky v. Abbott Labs, et al.,* Civ. No. 95-402-D-H (D. Maine, March 15, 1996).  In short, the mere pendency of a motion to consolidate this action for coordination of pretrial proceedings does not prohibit this Court from proceeding in this action, or for that matter, from remanding this action to state court.   As this Court observed in *Randolph*, "[n]othing will be gained by staying consideration of the motion to remand." *Randolph*, at 3.  Against this backdrop, Defendants' motion should have been denied.

### E.      A Stay Was Not Otherwise Warranted In This Case.

Courts regularly deny stays because they are not in the interests of judicial economy and efficiency.  In *Weisman v. Southeast Hotel Properties Limited Partnership*, No. 91 Civ. 6232 (MBM), 1992 WL 131080 (S.D. N.Y. June 1, 1992), the court denied defendant's motion to stay, stating, "because the district court can resolve preliminary matters while the Panel deliberates, such general delays are rarely advisable."  According to Judge Mukasey, "[i]f the panel chooses not to consolidate the related actions, I then will have to consider the motion; I might as well do so now when the case is before me and I already have considered and resolved related issues.  The motion to stay the proceedings is denied." *Id* at *6.

-11-

Defendants' argument relies on conjecture.  They argue that the case is ripe for transfer. However, one cannot predict with accuracy when and how the MDL Panel will rule.  Defendants are asking this Court to stop any progress in this litigation for an indefinite period of time, since after the hearing before the MDL Panel, there likely will be an additional period of time before the MDL Panel rules on the transfer.  What's more, the MDL Panel may deny the transfer motion, in which case a stay in this case would have served no purpose whatsoever (other than to prejudice Plaintiff by compelling him and his attorneys to travel to the Southern District of California merely to seek remand back to Knox County – where this Court sits – of their Tennessee claims).  There simply is no reason to delay these proceedings for such an indefinite period of time.

Further, remand is the appropriate relief.  Defendants' argument that judicial economy and efficiency will be served by a stay in this matter is nothing more than pure speculation and will serve only to delay the litigation.  No great judicial economy will be gained from a delay since the parties will still be subject to the same law.  *Aetna U.S. Healthcare v. Hoechst Aktiengesellschaft*, 54 F. Supp.2d 1042, 1047-48 (D. Ka. 1999) (denying stay because it would not affect the law that applies to the present case and little would be gained by a stay of decision on the motion to remand).  In *Tortula*, 987 F. Supp. at 1189, the court stated, " a putative transferor court need not automatically postpone rulings, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed."  *Id.*  The transferor court in *Tortula* held that "this court (transferor court) retains exclusive jurisdiction until the Section 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer."  987 F. Supp. at 1189 (denying defendants' motion for stay of proceedings pending a decision by the Panel); *see also Villarreal v. Chrysler Corp.,* No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996)

(denying a stay because judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum).  Significantly, the court observed that "the appropriate forum, moreover, is a threshold issue to class certification and defendant's petition to the Panel does not affect scheduled pretrial proceedings."  *Id.*

The lack of federal subject-matter jurisdiction asserted by Plaintiff should be promptly adjudicated so that the case may be returned, if appropriate, to state court and not transfered thousands of miles away from Tennessee and tied up indefinitely in a federal MDL proceeding. Accordingly, the stay order should be set aside.

## IV.   CONCLUSION

In view of the foregoing, the Court should grant Plaintiff's request to reconsider the order granting the stay and set aside it aside.

Respectfully submitted, this 27th day of January, 2010.


                                              /s/   Gordon Ball
_____
                                              Gordon Ball
                                              Ball & Scott
                                              550 W. Main Street, Suite 601
                                              Knoxville, Tennessee 37902
                                              (865) 525-7028

## CERTIFICATE OF SERVICE

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

This 27th day of January, 2010.

/s/  Gordon Ball
Gordon Ball
