UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE – NORTHERN DIVISION

| | |
|---|---|
| DONNIE COLLINS,<br>on behalf of himself and all others<br>similarly situated<br>  Plaintiff,<br><br>v.<br><br>GUITAR CENTER, INC.; and<br>NATIONAL ASSOCIATION OF<br>MUSIC MERCHANTS, INC.;<br>  Defendant. | Case No. 3:09-CV-00531<br><br>Hon. Leon Jordan<br><br>(Tennessee Chancery Case No. 176237-1)<br>Date Complaint Filed:  October 13, 2009 |

**DEFENDANTS' JOINT MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants National Association of Music Merchants, Inc. ("NAMM") and Guitar Center, Inc. ("Guitar Center") (collectively, "Defendants") submit this memorandum in opposition to Plaintiff Donnie Collins ("Collins") motion (Doc. 20) to reconsider the Court's January 26, 2010 Order staying further proceedings in this matter pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") concerning whether to transfer this case to the Southern District of California for coordinated pretrial proceedings with thirty-six other related cases in *In re Musical Instruments and Equipment Antitrust Litig.*, MDL No. 2121 ("MDL-2121").

**INTRODUCTION**

Collins' motion ignores this Court's inherent authority and discretion to control its own docket, discounts the obvious efficiency of briefly awaiting the JPML's decision on Collins' objection to the January 13 Conditional Transfer Order, and fails to raise any basis upon which this Court should reconsider its prior decision.  This Court correctly granted a temporary stay in

this action "in the interests of judicial economy" to permit time for the JPML to rule on Collins' objection to its order conditionally transferring this copycat case to Judge Burns in the Southern District of California for coordinated proceedings with three dozen other related putative class actions that are already pending there. After the filing of Collins' motion for reconsideration, the JPML set a briefing schedule that requires Collins to file his brief by February 11, and interested parties to file responses by March 4.[1]

This Court's January 26 Order briefly staying proceedings is appropriate because, in addition to preserving judicial resources, without a stay Defendants will be unable to avoid the unnecessary burden and expense if they must litigate this action before two courts at these same time pending the JPML's decision. Moreover, this Court will never need to address Collins' motion to remand if the JPML finalizes its Conditional Transfer Order. In contrast, in the unlikely event that the JPML agrees with Collins and rescinds the Conditional Transfer Order, there is no prejudice to Collins at this early stage of the case. As a result, the Court's January 26 Order staying the proceedings causes no harm to Collins and avoids the potential for needless, duplicative litigation that would create unnecessary burdens on this Court and the Defendants. Accordingly, this Court should deny Collins' motion.

---

[1] As Defendants note in their Memorandum in Support of Motion to Stay (Doc. 17-1), the JPML regularly transfers cases like this matter for coordinated pretrial proceedings. *See id.* at 7-9. Pursuant to 28 U.S.C. § 1407(a), the JPML has the authority to transfer cases pending in different districts "involving one or more common questions of fact . . . for coordinated or consolidated pretrial proceedings . . . upon [the JPML's] determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Because Collins' copycat complaint contains the same core factual allegations found in the numerous other pending cases that the JPML has already centralized in federal court in San Diego, the statutory standard for transfer is satisfied. In the past, the JPML has consistently ordered transfer when related actions were originally filed in state court and subsequently removed to federal court. *See, e.g., In re Lehman Brothers Holdings, Inc.*, 598 F. Supp. 2d 1362, 1364 (JPML 2009).

**PROCEDURAL BACKGROUND**

Collins filed his copycat complaint over a month after the first of numerous related actions. Collins' complaint contains, often word-for-word, the same core allegations found in the complaints that other plaintiffs have filed. Moreover, as Defendants noted in their Memorandum in Support of Motion to Stay, prior to the complaint filed by Collins in this matter, another plaintiff had already asserted claims under the Tennessee Trade Practices Act that encompass the class that Collins here seeks to certify.[2]

Defendant Guitar Center removed this action pursuant to the Class Action Fairness Act ("CAFA") on December 4, 2009. (Doc. 1). Recognizing that this matter shares common facts with the previously filed related actions, on January 13, 2010, the JPML issued a Conditional Transfer Order transferring this case to the Southern District of California under 28 U.S.C. §1407 for consolidated pretrial proceedings with the related action in MDL-2121. *In re Musical Instruments and Equipment Antitrust Litigation*, MDL No. 2121, Conditional Transfer Order (CTO-2), Jan. 13, 2010 (Ex. F to Defendants' Joint Motion to Stay (Doc. 17)). The next day (and almost six weeks after Guitar Center removed the case), Collins filed a motion to remand this matter to state court. (Doc. 15). After Collins would not agree to extend the time for Defendants' opposition to the motion to remand, on January 25, 2010, Defendants filed a motion to stay further pretrial proceedings in this Court and a motion for expedited ruling, anticipating that the JPML is likely to finalize its Conditional Transfer Order and transfer this case to the Southern District of California. (Doc. 17, 18).

---

[2]   *See* Defendants Memorandum in Support of Motion to Stay at 2-3 (Doc. 17-1).

The Court granted Defendants' motion to stay on January 26, 2010, agreeing that a stay would be "in the interest of judicial economy." (Doc. 19).[3] On January 28, 2010, the JPML notified Defendants and the other parties in MDL-2121 that Collins had filed a notice of opposition to the Conditional Transfer Order. *See In re Musical Instruments and Equipment Antitrust Litigation*, Notice of Opposition (JPML Jan. 28, 2010) (attached as Exhibit A). The JPML set February 11 as the deadline for Collins' brief, and any responses are due on March 4, 2010. *Id.* Based on the JPML's expedient decisions on the other motions related to MDL-2121, Defendants expect a ruling from the JPML soon after that date.

## ARGUMENT

Collins' motion ignores the standard for motions to reconsider and disregards the avoidable burden and expense that this Court and the parties would incur if this case were not stayed and the JPML then transfers the case to the Southern District of California. Collins fails to raise any justification for this Court to reverse its prior Order and has not set forth any cognizable prejudice which would outweigh the hardship on this Court and on Defendants if the stay is lifted. Finally, as other courts have done previously, this Court should reject Collins' arguments that this Court lacks jurisdiction to issue a stay and that a stay contravenes the rules or policies guiding multidistrict litigation.

---

[3] Collins complains that the Court issued its ruling before the deadline for his response, suggesting that such action was not consistent with Local Rule 7.2. However, contrary to Collins' assertion, there were "exceptional circumstances" that justified this Court acting on Defendants' motion prior to the expiration of the response time. As Defendants explained in their motion for expedited ruling, it was necessary for this Court to rule on the motion to stay on shortened time because Collins would not agree to extend the time for Defendants to respond to his motion to remand so that Defendants could seek a stay from the Court on the regular motion schedule. In those unusual but compelling circumstances, the Local Rules certainly authorize this Court to act as it did.

I. **COLLINS IGNORES THE APPLICABLE STANDARD AND HAS NOT MET HIS BURDEN TO JUSTIFY RECONSIDERATION**

A party that requests reconsideration faces a heavy burden to convince the Court to overturn its prior ruling. Indeed, the Eastern District of Tennessee has noted that motions to reconsider "seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances." *Poteet v. Polk County,* No. 1:05-CV-309, 2007 WL 1240668, at *3 (E.D. Tenn. Apr. 26, 2007). As such, "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004); *see also Jowers v. Beck*, No. 1:09-CV-1131, 2010 WL 92923, at *1 (W.D. Tenn. Jan. 6, 2010) (quoting *Sherwood v. Royal Ins. Co. of Am.,* 290 F.Supp.2d 856, 858 (N.D. Ohio 2003)) (applying similar standard for motion to reconsider grant of motion to dismiss).

Here, given that there has been no change in the controlling law and no new evidence is at issue, the only basis on which Collins conceivably might seek reconsideration is "to correct a clear error of law or to prevent manifest injustice." *See Rodriguez*, 89 Fed. Appx. At 959. However, as Defendants demonstrated in their memorandum in support of their motion to stay, the Court's decision to exercise its undisputed discretion to control its docket is fully supported by well-established law. Indeed, the Court's Order granting a stay pending a final decision by the JPML is consistent with the majority rule. *See, e.g., Gordillo v. Bank of America, N.A.*, No. 1:09-CV-1954, 2010 WL 148699, at *2 (E.D. Cal. Jan. 14, 2010) (stating that a majority of courts have determined a stay is appropriate when MDL proceedings are pending). Moreover, Collins has not even attempted to argue that there are any exceptional circumstances here or that

5

the Court's decision to grant a stay amounts to a clear error of law. This Court should deny Collins' motion on this basis alone.

## II. COLLINS FAILS TO IDENTIFY ANY PREJUDICE THAT WOULD OUTWEIGH THE POTENTIAL WASTE OF JUDICIAL RESOURCES AND HARDSHIP TO DEFENDANTS IF THE STAY IS LIFTED

Collins argues that the Court should reconsider its ruling because a stay is not warranted in this case. (Pltf. Mem. at 11-13.) However, Collins disregards the well-established rule that every court has the "inherent" power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-5 (1936)*; see IBEW, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) (court should consider hardships to the parties and judicial efficiency when ruling on a motion to stay). The Court's January 26 Order implicitly recognized, correctly, that any further proceedings in this forum will be unnecessary, and likely redundant, if the case is transferred to San Diego for consolidation with the MDL proceeding in the near future, and that the potential burdens on this Court and harm to Defendants outweigh any inconvenience that Collins might experience during a brief delay.

Indeed, Collins cannot seriously claim that he will suffer prejudice by a temporary stay given his lack of urgency in pursuing this matter, including his motion to remand, to date. *See* Defendants' Joint Memorandum in Support of Motion to Stay, dated January 25, 2010 (Doc. 17-1), at 9-10. Instead, Collins argues that he will suffer prejudice if he is "compelled to travel thousands of miles to Southern California to litigate his Tennessee claims and seek remand. . . ." Plaintiff's Memo in Support at 2. Yet, contrary to Collins' suggestion, if the JPML denies transfer as he requests, Collins will have had no occasion to travel to Southern California, and his hardship argument will be moot. *See* Memo in Support at 12. Alternatively, if the JPML transfers the case, Collins' only purported hardship (assuming that the transferee court permits

6

oral argument at all) will be a possible trip to Southern California for proceedings *on that single motion*.  However, Collins and his counsel presumably were aware of that possibility when filing this copycat action one month after the plaintiff in the first-filed related action commenced his lawsuit in federal court in San Diego.[4]

In any event, the possible expense for Collins' counsel to travel to San Diego for a hearing on a motion to remand, if the court there schedules a hearing, does not outweigh the potential burden to the Court and Defendants if the stay is lifted.  Accordingly, this Court should deny Collins' motion for reconsideration.

### III. COLLINS IS INCORRECT THAT THIS COURT MUST DECIDE ITS MOTION TO REMAND BEFORE IT CAN GRANT A MOTION TO STAY

Collins argues that district courts are required to first determine motions for remand before considering motions to stay, for transfer, or to dismiss an action, as a matter of federal court subject matter jurisdiction.  (Pltf. Mem. at 10.)  However, Collins' argument that a district court must decide the motion to remand before granting a stay or before the JPML transfers the case is directly contrary to the decisions of several other courts.  *See* Defendants' Joint Memorandum In Support Of Motion to Stay, at 7-9 (Doc. 17-1).  Indeed, faced with the same arguments put forward by Collins here, another court explained:

> Plaintiff requests consideration of his motion to remand prior to consideration of the motion to stay.  According to Plaintiff, it is incumbent on this Court to determine whether it has jurisdiction over this matter prior to ruling on the motion to stay.  Although I could rule on Plaintiff's motion to remand prior to ruling on the motion to stay, I note that the vast majority of Courts to consider the issue in this context have chosen to rule on a pending motion to stay even when a motion to remand has also been filed.

---

[4] *See, e.g.*, *In re MLR, LLC Patent Litigation*, 269 F. Supp. 2d 1380, 1381 (JPML 2003) (rejecting argument that the burden of traveling to the transferee district should prevent transfer); *In re Travel Agent Comm'n Antitrust Litigation*, 290 F. Supp. 2d 1381, 1382 (JPML 2003) (same).

*Franklin v. Merck & Co.*, NO. 06-CV-02164, 2007 WL 188264, at *2 (D. Colo. Jan 24, 2007) (citing *Hatch v. Merck & Co. Inc.*, 2005 WL 2436716 (W.D. Tenn. Oct. 3, 2005)).  Numerous other courts have flatly rejected the argument that a district court must rule on a remand motion before the case is transferred under 28 U.S.C. § 1407.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (noting that consistency and economy are served by allowing the transferee court to decide jurisdictional motions); *In re Vioxx Products Liability Litigation*, 360 F. Supp. 2d. 1352, 1354 (JPML 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. . . .[M]otions to remand . . . can be presented to and decided by the transferee judge."); *Selico v. Waterman S.S. Co.*, No. 99-CV-386, 1999 WL 172958, at *2 (E.D. La. Mar. 26, 1999) ("[P]ending ruling on the request for transfer by the Judicial Panel on Multidistrict Litigation, I decline to take any further action in this matter. If the Panel transfers the action, it will be up to [the transferee judge] to address the remand motion."). In fact, as noted above, the opposite is true – a majority of courts favor granting a stay.  *See Gordillo*, 2010 WL 148699, at *2.[5]

Contrary to Collins' interpretation, Rule 1.5 of the JPML Rules of Procedure does not require this Court to decide Collins' motion to remand rather than staying its proceedings. (Pltf. Mem. at 6.)  Instead, Rule 1.5 merely clarifies that pending proceedings before the JPML do not *automatically* stay proceedings in the court where the action is pending.  However, nothing in

---

[5] Collins relies on two Northern District of California cases in which the court addressed remand motions before the JPML ruled on a pending transfer order. *See* Memo in Support of Reconsideration at 12-13 (citing *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) and *Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996)).  Both of these cases, however, dealt with federal jurisdiction prior to the CAFA, which lowered the jurisdictional threshold for removal.  More recent and post-CAFA decisions from the Northern District of California have recognized the majority rule of staying proceedings pending JPML decision. *See, e.g.*, *Fuller v. AmeriGas Propane, Inc.*, No. 09-CV-2493, 2009 U.S. Dist. LEXIS 71413 (N.D. Cal. Aug. 3, 2009); *Gallardo v. Aurora Dairy Corp.*, No. 07-CV-5331, 2008 U.S. Dist. LEXIS 7730 (N.D. Cal. Jan. 23, 2008).

the JPML Rules suggests that a court may not, as this Court did, exercise its inherent authority and discretion to grant a stay when appropriate under the circumstances to conserve judicial resources, promote efficiency and avoid potential hardship to the moving party. *See Landis*, 299 U.S. at 254; *see also IBEW*, 879 F.2d at 864.

Finally, Collins cites a number of unpublished decisions for the proposition that the Court must rule on the remand motion to determine its jurisdiction and should not stay these proceedings pending a decision from the JPML. *See* Memo in Support of Reconsideration at 8-11. These cases do not, however, dictate that this Court reconsider its prior decision or alter its January 26 Order in any way. Each of those unpublished decisions predates the enactment of the CAFA, so none of them involve the lower threshold for removal applicable here. Moreover, based on Collins' own description, those cases are distinguishable because, unlike here, it does not appear than the JPML had issued a Conditional Transfer Order at the time the defendant moved for a stay. Indeed, as Collins acknowledges, this Court credited that difference in its decision in *Sweet v. Ford Motor Co.*, (E.D. Tenn. Oct. 13, 1996) (Jordan, J.). (Pltf. Mem. at 9.)

Most importantly, these decisions support the undeniable principle that the decision on a motion to stay "is addressed to the Court's discretion." *See* Pltf. Mem. at 9 (quoting *Sweet v. Ford Motor Co.*, (E.D. Tenn. Oct. 13, 1996) (Jordan, J.)). As such, they do not contradict the Court's January 26 decision to exercise its discretion to stay further proceedings pending a decision by the JPML.[6]

---

[6] Collins accuses Defendants of "predictably . . . ignor[ing]" these supposedly "on-point decisions." Memo in Support of Reconsideration at 8. In fact, the orders Collins cites are unpublished and not available through electronic databases like Lexis and Westlaw. Unlike Collins, Defendants, in this brief and in support of their motion to stay, rely on published authority reflecting the majority rule that courts should stay their proceedings in cases like this one.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Reconsider its Order Granting Defendants' Motion to Stay.

DATED:  February 9, 2010

Respectfully submitted,

/s/ Paul C. Cuomo\
W. DAVID BRIDGERS (#016603)\
JAMES F. SANDERS (#005267)\
NEAL & HARWELL, PLC\
150 Fourth Avenue North, Suite 2000\
Nashville, TN 37219-2498\
Telephone: (615) 244-1713\
Facsimile: (615) 726-0573\
E-mail: dbridgers@nealharwell.com

ROBERT G. ABRAMS (*pro hac vice*)\
PAUL C. CUOMO (*pro hac vice*)\
HOWREY LLP\
1299 Pennsylvania Ave. NW\
Washington, DC 20004\
Telephone: (202) 783-0800\
Facsimile: (202) 383-6610\
Email: cuomop@howrey.com

Attorneys for Defendant National Association of Music Merchants, Inc.

/s/ Randall D. Noell_____
RANDALL D. NOEL (#6405)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, TN   38110
Telephone:  (901) 680-7200
Facsimile:  (901) 680-7201
E-mail:  randy.noel@butlersnow.com

MARGARET M. ZWISLER (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
E-mail:  margaret.zwisler@lw.com

CHARLES H. SAMEL (*pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
E-mail:  charles.samel@lw.com

Attorneys for Defendant Guitar Center, Inc.

Pursuant to ECF Policy and Procedure 6, the undersigned filing party confirms that that all signatories have consented to the filing of this document.

/s/ Paul C. Cuomo_____
PAUL C. CUOMO (*pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been filed using ECF for distribution via e-mail notification on this 9th day of February, 2010 to the following counsel of record:

>Gordon Ball, Esq.
>W. Allen McDonald
>Ball & Scott Law Offices
>Bank of America Center, Suite
>601 550 Main Street
>Knoxville, TN 37902
>
>Wallace A. McDonald
>Ball & Scott Law Offices
>Bank of America Center
>550 Main Street, Suite 601
>Knoxville, TN 37902
>
>Charles H. Samel
>Latham & Watkins LLP
>355 S Grand Avenue
>Los Angeles, CA 90071
>
>Margaret M. Zwisler
>Latham & Watkins
>555 Eleventh Street NW, Suite 1000
>Washington, DC 20004
>
>Randall D. Noel, Esq.
>Butler, Snow, O'Mara, Stevens & Cannada, PLLC
>6075 Poplar Avenue, Suite 500
>Memphis, TN 38110

                                                  /s/ Paul C. Cuomo