**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE – NORTHERN DIVISION**

| | | |
|---|---|---|
| DONNIE COLLINS,<br>on behalf of himself and all others<br>similarly situated, | )<br>)<br>) | No. 3:09-cv-00531 |
| | ) | Judge Jordan/Magistrate Shirley |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| GUITAR CENTER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**REPLY BRIEF IN SUPPORT OF MOTION TO RECONSIDER
ORDER GRANTING DEFENDANTS' MOTION TO STAY**

---

**NOW INTO COURT** comes the Plaintiff, and in support of his motion to reconsider the January 26, 2010 Order granting Defendants' joint motion to stay, submits the following memorandum in reply to Defendants' response [Doc. 22]:

**I.    INTRODUCTION**

Plaintiff has respectfully asked the Court to reconsider its order granting a stay of these proceedings in the face of Plaintiff's motion contesting the Court's subject matter jurisdiction over this case.  In doing so, Plaintiff painstakingly articulated his reasons for objecting to a stay under the circumstances presented.  For instance, Plaintiff maintains that "exceptional circumstances" for a stay are simply not present in this instance, and so, Plaintiff's position on Defendants' requested stay should have been heard.  Moreover, Plaintiff identified a previous decisions in this District consistently rejected such motions to stay under nearly identical circumstances. Furthermore, Plaintiff described the compelling reasoning behind rejection of a stay in those cases, primarily the Court's

fundamental duty to determine whether it possesses subject matter jurisdiction in the first place. Additionally, the Defendants failed to meet their heavy burden to show a clear case of "hardship" or "inequity" without a stay and that such hardship or inequity outweighs the prejudice to Plaintiff. Finally, Plaintiff described the undue prejudice and inconvenience he would suffer if a stay is ordered.

Defendants respond by arguing that the Plaintiff failed to meet his own burden to justify reconsideration, failed to identify any prejudice, and that Plaintiff is wrong in taking the position that the Court has a fundamental responsibility to make the threshold determination of whether it has subject matter jurisdiction before deciding other matters.

Make no mistake, Defendants' position in this instance is not only smoke and mirrors, but puts forward an injudicious response to the circumstances here presented to the Court. Plaintiff's objections to the stay order, as described above and more fully in his opening papers seeking reconsideration, raise important issues that go to the heart of Rule 1 of the Rules of Civil Procedure and the concept of "fairness" and for those reasons alone, cannot be jettisoned as Defendants prefer. The Court's decision to grant a stay instead of resolving Plaintiff's pending remand motion may – if a transfer is directed – effectively result in Plaintiff having to re-file his motion to remand in Southern California and the expense of Plaintiff and/or his Knoxville counsel traveling about 2200 miles to ask that Court to decide a motion filed in Knoxville. Finally, the Sixth Circuit has made clear that district courts should first – and as soon as practicable – decide issues of their jurisdiction before making other decisions not involving jurisdiction. For these reasons, the Court should grant the Plaintiff's motion, reconsider the stay, and decide whether federal subject matter jurisdiction exists.

II.    **PLAINTIFF HAS SATISFIED THE HIS BURDEN BY DEMONSTRATING THAT ENTRY OF THE STAY ORDER WITHOUT CONSIDERATION OF PLAINTIFF'S POSITION WAS PLAINLY AND SIMPLY UNFAIR.**

Defendants first argue that the Plaintiff has failed to meet the applicable burden for bringing a motion to consider.  To be sure, this Court has discretion whether to grant a motion to reconsider. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  A court may grant a motion to reconsider only for the following reasons: (1) a clear error of law exists; (2) there is newly discovered evidence; (3) there is an intervening change in controlling law; or (4) to prevent manifest injustice.  *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006); *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

Plainly, a motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.  *See Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Here, however, manifest injustice will occur because (1) the Defendants' motion for stay was granted without consideration of the Plaintiff's position, and so, Plaintiff is not attempting to rehash anything, he is merely attempting to convince the Court that his reasons for opposing the stay are persuasive, if not compelling, and (2) that the Court's entry of a stay prior to deciding the threshold issue of subject matter jurisdiction was clearly wrong, if the Court considers its prior decisions.

A.    **Entry of a Stay Order Without the Benefit of Plaintiff's Position Was Unfair.**

There is no dispute that the Defendants filed a motion for stay and a motion for an expedited ruling on January 25, 2010 [Docs. 17-18] and the Court entered an Order granting the stay the following day.  [Doc. 19].  Plaintiffs were not permitted to submit any opposition to the Defendants' motion, though clearly, as set forth in Plaintiff's motion and supporting brief, legitimate reasons exist

for opposing a stay.  The question then, on Plaintiff's motion to reconsider, is whether the failure to hear the Plaintiff's side of the argument was manifestly unjust.

As applied to motions to reconsider under Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead are directed to look at the matter on a case-by-case basis.  *See McDaniel v. American General Financial Services*, 2007 U.S. Dist. LEXIS 52217, *2 (W.D. Tenn. July 17, 2007) (citing *Torre v. Federated Mutual Ins. Co.*, 906 F. Supp. 616, 619 (D. Kan. 1995) (unsubstantiated assertion could not lead to a finding of manifest injustice); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 157 B.R. 631 (Bankr. N.D. Ill. 1993) (mere disagreement with court's findings does not rise to level of manifest injustice)).  "What is clear from the case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *Id*. (emphasis supplied). As found in *Black's Law Dictionary*, a "manifest injustice" is defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." (7th ed. 1999) (emphasis supplied).

As described in Plaintiff's opening brief on reconsideration, Plaintiff was not permitted to respond to either the motion to stay or the motion to expedite a ruling, although such a response is plainly provided for in the Local Rules, *see* E.D. TN. LR 7.1.  Moreover, in order for the Court to enter a stay order without allowing a timely response from the Plaintiff, the Defendant must satisfy the Court – or the Court must conclude – that "exceptional circumstances" exist.  *See* E.D. TN. LR 7.2.  Defendants' motions [Docs. 17-18] provide nothing reaching the level of rare, unusual or extraordinary circumstances to permit E.D. TN. LR 7.1 to be altogether disregarded.

-4-

Was there a "fundamental flaw" in the Court's entry of a stay order? Plaintiff most respectfully submits that absent the rare, unusual or extraordinary circumstances necessary for disregarding the default briefing rules adhered to by this Court and litigants, there is a fundamental flaw in a decision resolving a issue on which the parties obviously have adverse positions when only one party's side of the argument is permitted.

**B.      Plaintiff Has Shown Sufficient Undue Prejudice**

Plaintiff has demonstrated that he will suffer undue prejudice. First, Plaintiff has moved this Court for remand of this action based upon lack of subject matter jurisdiction. Plaintiff filed this suit in Chancery Court in Knoxville, Tennessee, a forum more than 2200 miles away from the Defendants' chosen venue of Southern California. Requiring the Plaintiff and his Knoxville, Tennessee counsel to travel to Southern California to litigate jurisdictional issues which can be resolved in Knoxville would result in substantial inconvenience and unnecessary expense. On the other hand, the Defendants have hired counsel in Nashville and Memphis, Tennessee as well as San Diego and Los Angeles, California; Philadelphia, Pennsylvania; Washington, DC; Chicago and Oak Park Illinois; Phoenix, Arizona; and Indianapolis, Indiana. Plainly, it is much more inconvenient and expensive for the Plaintiff and his counsel to travel across the country to California than it would be for the Defendants to remain in this Court as long as it takes fir the Court to determine whether it has subject matter jurisdiction.

**C.      The Court's Determination of Subject Mater Jurisdiction is a
         Threshold Determination.**

Defendants maintain that it is not necessary for the Court to first decide the jurisdictional issue. However, despite the pendency of multiple similar actions across the country, the Sixth Circuit

-5-

has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer. *BancOhio Corp. v. Fox*, 516 F.2d 29, 31-32 (6th Cir. 1975). "No matter how desirable [the defendant] feel[s] it may be to consolidate . . . all litigation" in a single forum, "such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case." *Id*. at 32.

"Subject matter jurisdiction is always a threshold determination." *American Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). In this Circuit, jurisdictional issues should be decided as soon as practicable, *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992) (noting in a diversity case, the lack of fairness and disruption of judicial efficiency when a party delays raising the issue of jurisdiction). This rule applies because in a removal action, the lack of subject matter jurisdiction in a diversity action can be considered on appeal. *Id*. *See also* 28 U.S.C. § 1447© ("if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In a removal context, the Sixth Circuit observed that "the forum for suit ought to be settled at some time early in the litigation." *Brierly v. Alusuisse Flexible Packaging Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (quoting with approval *Brown v. Demco Inc.*, 792 F.2d 478, 482 (5th cir. 1986)). For all of these reasons, the Middle District of Tennessee held that the Court should consider first the plaintiffs' motion to remand that challenges this Court's lack of subject matter jurisdiction over this action. *Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000).

While the MDL Panel is not empowered to make determinations of subject matter jurisdiction, both the transferee and transferor courts are empowered to do so when the matter is before them. *See id*.; *see also In re Commonwealth Oil/Tesoro Petroleum Sec. Litigation*, 458 F. Supp. 225

(J.P.M.L. 1978). "A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court," not when the MDL Panel issues a conditional transfer. *Manual for Complex Litigation*, § 20.131 at 220 (4th Ed.); *see also* R. P. JPML 1.5 (2001).

Defendants suggest that where the existence of federal jurisdiction is at issue against the backdrop of a pending MDL proceeding, federal courts ordinarily stay their actions in order to permit a single district court, *i.e.*, the transferee court designated by the MDL Panel, to decide the common jurisdiction issue. The statute and rules have been interpreted as discouraging district courts from staying pending motions:

> [The court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer. The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.

*Manual for Complex Litigation*, § 20.132, at 220-221 (4th Ed.) (emphasis added).

## III.    CONCLUSION

In view of the foregoing, the Court should grant Plaintiff's request to reconsider the order granting the stay and set aside it aside.

Respectfully submitted, this 16th day of February, 2010.


                                        /s/   Gordon Ball
                                        Gordon Ball
                                        Ball & Scott
                                        550 W. Main Street, Suite 601
                                        Knoxville, Tennessee 37902
                                        (865) 525-7028

## CERTIFICATE OF SERVICE

I, Gordon Ball, do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 16th day of February, 2010.

/s/   Gordon Ball
Gordon Ball